FILED
DECEMBER 27, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANUEL PEREZ, on behalf of himself and other similarly-situated persons, known and unknown, | ) ) ) ) | 07 C 7253 |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge JUDGE ANDERSEN MAGISTRATE JUDGE NOLAN |
| NIKO'S GRILL AND PUB, INC. and NIKO KANAKARIS, individually, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Manuel Perez ("Plaintiff"), on behalf of himself and other similarly-situated persons, known and unknown, through his attorneys, for his Complaint against Defendant Niko's Grill and Pub, Inc., and Niko Kanakaris, individually ("Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* (FLSA or the "Act"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* (IMWL), for Defendants' failure to pay Plaintiff and other similarly-situated employees their earned overtime pay. Plaintiff and other similarly situated hourly paid employees customarily worked in excess of forty (40) hours per week but were not paid overtime wages at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours per week. A copy of Plaintiff's consent form to act as a representative Plaintiff in this collection action under the FLSA is attached hereto as Exhibit A.

**THE PARTIES**

2.Plaintiff is a former employee of Defendants who was employed by Defendants in this judicial district.

3.During the course of his employment, Plaintiff handled goods that moved in interstate commerce, including perishable foods items.

4.Defendant Niko's Grill & Pub, Inc., is an Illinois corporation doing business within this judicial district. Defendant Niko's Grill & Pub, Inc., is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A). Defendant Niko's Grill & Pub, Inc.'s annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, in the years 2004, 2005 and 2006.

5.Defendant Niko Kanakaris is an owner and principal shareholder of Niko's Grill & Pub, Inc. and is involved in the day to day business operation of Defendant Niko's Grill & Pub, Inc. Among other things, Defendant Niko Kanakaris has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

**JURISDICTION AND VENUE**

6.This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Plaintiff on his own behalf and on behalf of similarly situated employees)

Plaintiff hereby realleges and incorporates paragraphs 1 through 6 of this Complaint, as if fully set forth herein.

7. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees for all time they worked for Defendants.

8. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

9. Defendants are "employer(s)" subject to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

10. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

11. Plaintiff was directed by Defendants to work, and did work, in excess of forty (40) hours per week.

12. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

13. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay for time he worked in excess of forty (40) hours in individual workweeks.

14. Defendants' failure to pay Plaintiff overtime wages for time he worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

15. Defendants' failure and refusal to pay overtime wages for time worked in excess of

3

forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

16. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have failed to pay them overtime wages for work performed in excess of forty (40) hours per week.

17. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of the federal minimum wage rate or Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiff individually only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

18. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

19. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this

action pursuant to 820 ILCS 105/12(a).

20. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

21. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours per week.

22. Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time worked in excess of forty (40) hours per week.

23. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours per week.

24. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiff's regular rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

                Respectfully submitted,

Dated: December 27, 2007

                s/Douglas M. Werman
                DOUGLAS M. WERMAN (ARDC #6204740)
                MAUREEN A. BANTZ (ARDC #6289000)
                Werman Law Office, P.C.
                77 West Washington Street, Suite 1402
                Chicago, Illinois 60602
                (312) 419-1008
                Attorneys for Plaintiff

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by the Niko's Grill & Pub, Inc. within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: MANUEL PEREZ (print your name)

Signature: *Manuel Perez*

Date on which I signed this Notice: 09-12-07 (today's date)