IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL PEREZ, on behalf of himself and other similarly-situated persons, known and unknown, ) ) ) ) ) | |
| Plaintiff, ) ) | Case No. 07 C 7253 |
| v. ) ) ) | Judge Andersen<br>Magistrate Judge Nolan |
| NIKO'S GRILL AND PUB, INC. and NIKO KANAKARIS, individually, ) ) ) ) | |
| Defendants. ) | |

## JOINT INITIAL STATUS REPORT

Plaintiff's and Defendants' Joint Initial Status Report is set forth below:

1. Plaintiff asserts claims under the FLSA on behalf of himself and other similarly situated employees and under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), on behalf of himself only. Plaintiff claims that Defendants did not pay him and similarly situated employees overtime pay at one and one half times his regular rate of pay for all time worked in excess of 40 hours per week.

2. Plaintiff seeks his unpaid overtime wages and liquidated damages in the amount of $34,912.77. Plaintiff also seeks his reasonable attorneys' fees and costs.

3. There are no pending motions.

4. Defendants have not yet answered the complaint, but sought, in accordance with the court's belief that settlement should be explored at the earliest opportunity, to schedule a settlement conference right away. Accordingly, the parties have not initiated discovery yet. Inasmuch as Plaintiff desires to bring a collective action under 29 U.S.C. §216(b), the Parties will initially need to take discovery pertinent to the

issue of whether Plaintiff is "similarly situated" to anyone else affiliated with Defendants. After a ruling on Plaintiff's anticipated motion for notice to the potential opt-in class, the parties will need to complete fact and expert discovery on either the individual claims of Plaintiff or the claims of Plaintiff and others who are part of any opt-in class.

5. The parties suggest that a discovery cut-off date should be later set after the Court rules on Plaintiff's anticipated motion for class notice, or if the parties agree to send class notice, at a date to be later set after the opt-in period has expired.

6. The parties cannot currently state when the case will be ready for trial. A jury has not been demanded.

7. Plaintiff has made a settlement demand of $34,912.77, plus the payment of reasonable attorney's fees and costs.

Respectfully submitted,

s/Douglas M. Werman
Douglas M. Werman (ARDC #6204740)
Maureen A. Bantz (ARDC #6289000)
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff